# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

No. 17-60182
Summary Calendar

EDWARDS FAMILY PARTNERSHIP, L.P.; BEHER HOLDINGS TRUST,

Plaintiffs - Appellants

v.

BANCORPSOUTH BANK,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-964

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants Edwards Family Partnership, L.P. and Beher Holdings Trust (the "Edwards Entities") filed suit against Defendant-Appellee BancorpSouth Bank (the "Bank") alleging breach of contract, negligence,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60182

breach of fiduciary duties, and fraudulent concealment. The Bank moved for summary judgment, which the district court granted. We AFFIRM.

## I.

Baltimore physician Dr. Charles Edwards, acting through various companies he controlled, including the Edwards Entities, loaned substantial sums of money to Community Home Financial Services, Inc. ("CHFS"). CHFS, which is not a party to this lawsuit, was in the business of servicing second mortgage loans and held deposit accounts with the Bank, including the disputed account ending in -3644. With respect to account -3644, the Bank entered into a 2003 Blocked Account Agreement ("BAA")[1] with CHFS and its previous lender, Roy Al Finance and Loan Company ("Roy Al"). The BAA allegedly tasked the Bank with restricting the way CHFS could transfer deposited funds.[2] The Edwards Entities were not a party to this agreement.

---

[1] A BAA is a tripartite agreement between a borrower, a lender, and a bank that allows a secured party to create and perfect a security interest in a debtor's deposit account. Recognized under Article 9 of the Uniform Commercial Code, BAAs vary depending on the particular needs of the borrowers and lenders.

[2] The Edwards Entities assert that two provisions of the BAA are particularly relevant to the instant litigation. First, in paragraph six, the Bank agreed that

> The Lender [Roy Al] shall have the full and exclusive interest and control of and the irrevocable right, power and authority to demand, collect, withdraw, receipt for or sue for all amounts due, to become due and payable under each Blocked Account and, in the Lender's sole discretion, to take any other action, including the transfer of any Blocked Account to the Lender's own name, which the Lender deems necessary or appropriate to preserve or protect the security interests of the Lender, for the benefit of the Lender, in any Blocked Account.

Second, under paragraph seven,

> The Bank [BancorpSouth] or the Borrower [CHFS], as applicable, further agree[d] that (subject to the provision of Section 6) at all times it will make distributions from each Blocked Account *only* to the Concentration Account, for the benefit of the Lender in accordance with Section 3 hereof or as specifically otherwise directed by the Lender in writing.

2

No. 17-60182

In 2006, Rainbow Group, Ltd. ("Rainbow"), another entity controlled by Dr. Edwards, financed the payoff of CHFS's debt to Roy Al and became CHFS's lender for additional advances under a Loan and Security Agreement. Roy Al executed an agreement purporting to "assign" to Rainbow "its right, title and interest in" the BAA related to bank account -3644, although the Bank contests the validity of this assignment. When Rainbow became the lender, it brought Dr. Edwards and the Edwards Entities into the picture. The Edwards Entities contend that, because of the way certain interests were shared and transferred from Rainbow to them, they may enforce the 2003 BAA against the Bank even though they were not an original party to the agreement.

In 2007, CHFS began deviating from the BAA by making transfers out of account -3644 to a number of bank accounts other than the "Concentration Account" specifically identified in the BAA. Nevertheless, Dr. Edwards approved this conduct because the transfers were made to the Edwards Entities or to legitimate CHFS accounts, and because CHFS always paid down the loan. In 2010, however, CHFS ceased making payments. Consequently, in 2011, Dr. Edwards asked CHFS to "reinstate" the BAA and "make arrangements for all CHFS loan funds to be deposited . . . for the sole credit of [the Edwards Entities]."

By 2012, CHFS owed the Edwards Entities approximately $30,000,000, and CHFS had fallen far behind in its payments. The Edwards Entities made demand on CHFS to cure the defaults, and litigation between the parties began shortly thereafter. CHFS subsequently filed for bankruptcy protection and became a debtor in possession.

## II.

In 2014, the Edwards Entities filed suit against the Bank in federal district court, alleging (1) breach of contract(s), (2) negligence in breaching its duties of good faith and ordinary care under the contract(s), (3) breach of the

3

fiduciary duties imposed by the contract(s), and (4) fraudulent concealment of breach. In response, the Bank filed three motions for summary judgment. Relevant here is the second motion, wherein the Bank advanced three dispositive legal theories: abandonment/waiver, statute of limitations, and mitigation.[3]

The district court held that the Edwards Entities abandoned/waived any right they may have had to enforce the BAA and denied the other two defenses as moot. According to the court, assuming arguendo that the BAA gave the Edwards Entities a "known right . . . whereby [the Bank] would monitor and prohibit unapproved -3644 transfers to accounts other than the Concentration Account," the Bank "establish[ed] beyond peradventure" that the Edwards Entities "had sufficient information to be on notice that the Bank was deviating from its contractual obligation to monitor and prohibit certain -3644 transfers" and "failed to insist on this right or acted inconsistently with it." *Edwards Family P'ship, L.P. v. BancorpSouth Bank*, No. 3:14CV964, 2017 WL 1732709, at \*5 (S.D. Miss. Feb. 21, 2017) (internal quotation marks omitted); *see also Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1112 (Miss. 2007) (citations omitted). Thus, because the Edwards Entities "acquiesced to a sustained deviation from their contractual rights," they abandoned their right to enforce the contract, and summary judgment was appropriate. *Edwards*, 2017 WL 1732709 at \*1.

On appeal, the Edwards Entities assert that the district court's grant of summary judgment was improper. They argue, *inter alia*, that: (1) their claims are not barred by the statute of limitations due to the continuing violation doctrine; (2) the district court "refused to give weight to evidence" suggesting

---

[3] Because the Edwards Entities' second summary judgment motion was ultimately granted, the district court denied the remaining motions as moot.

4

that Dr. Edwards was not on sufficient notice of the contract deviations; (3) they pled facts supporting that the deviations were not sufficiently material to support abandonment; and (4) the district court erroneously "fail[ed] to give any consideration to the contractual provisions for termination."

## III.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment and reasoning, we AFFIRM the district court's judgment as to the Bank's second summary judgment motion and adopt its analysis in full.